# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF NEW YORK

```
--------------------------------------------------------x
ONEWEST BANK, N.A.,                       (
                                          (
                    Plaintiff,            (      Civil Action No. 14-cv-5290
        v.                                (
                                          (      (Gleeson, J.)  (Pohorelsky, M.J.)
                                          (
ROBERT W. MELINA; AMERICAN                (
EXPRESS CENTURION BANK;                   (
AMERICAN EXPRESS BANK, FSB;               (
CITIBANK, N.A.; WILLIAM R. SANTO;         (
MAGALY BERMUDEZ; LOUIS                    (
BERMUDEZ; CARMEN MEDINA                   (
                                          (
                                          (
                    Defendants.           (
--------------------------------------------------------x
```

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

LAW OFFICE OF MICHAEL BRUK
  Michael Bruk (MB 4367)

138 W. 25th St.10th Fl., Suite C1001
New York, N.Y. 10001
Phone: (212) 203-9303
Fax:    (347) 710-1791
Email: mb@bruklaw.com
MICHAEL BRUK, ESQ.

*Attorney for Defendant,*
ROBERT W. MELINA

## Table of Contents

TABLE OF AUTHORITIES ........................................................................................ iii

Preliminary Statement............................................................................................... 1

Relevant Statutes....................................................................................................... 2

Statement Of Facts .................................................................................................... 3

ARGUMENT .............................................................................................................. 4

POINT I ...................................................................................................................... 4

    A NEW YORK CITIZEN CANNOT COMMENCE AN ACTION IN FEDERAL
    COURT BASED ON DIVERSITY OF CITIZENSHIP AGAINST ANOTHER
    NEW YORK CITIZEN................................................................................................ 4

POINT II ..................................................................................................................... 5

    WHETHER A NATIONAL BANK WITH A DESIGNATED MAIN OFFICE IN
    ONE STATE AND A PRINCIPAL PLACE OF BUSINESS IN A DIFFERENT
    STATE IS A CITIZEN OF BOTH WAS NOT BEFORE THE U.S. SUPREME
    COURT IN WACHOVIA............................................................................................. 5

POINT III.................................................................................................................... 7

    A NATIONAL ASSOCIATION SHOULD BE DEEMED A CITIZEN OF THE
    STATE IN WHICH ITS PRINCIPAL PLACE OF BUSINESS IS LOCATED ............... 7

        A. The Second Circuit Has Not, Post-Wachovia, Ruled On Its Jurisdictional
        Implications And The Decisions Of The Fifth And Seventh Circuits Should Be
        Followed. ............................... 7

        B. The Office Of The Comptroller Of The Currency Interprets § 1348 To
        Mean A National Association Is A Citizen  Of The State of Its Principal Place
        Of Business And This Court Should Defer To The Office Of The Comptroller
        Of The Currency's Interpretation ............................... 9

        C. Deeming a National Bank A Citizen Of The State Of Its Principal Place Of
        Business Would Ensure Jurisdictional Parity Between State and National
        Banks ............................... 11

    THE US SUPREME COURT DEFINED PRINCIPAL PLACE OF BUSINESS
    AND ONEWESTS BANK'S PRINCIPAL PLACE OF BUSINESS IS IN NEW
    YORK ....................................................................................................................... 12

        A.The US Supreme Court Defined Principal Place Of Business To Be The
        Place Where A Corporations Officers, Direct, Control, And Coordinate The
        Corporation's Activities ............................... 12

B.OneWest's Corporate Decision Are Made In The State of New York And Thus OneWest Is A Citizen Of New York By Virtue Of Its Principal Place Of Business ............................... 14

POINT V ................................................................................................................................. 16

PLAINTIFF'S STATEMENT OF JURISDICTION IS DEFICIENT ............................ 16

CONCLUSION ....................................................................................................................... 17

## TABLE OF AUTHORITIES

**Cases**

Adams v. Bank of Am., N.A.,
317 F.Supp.2d 935, 941-42 (S.D. Iowa 2004) ................................................................ 9

Bank One, N.A. v. Euro-Alamo Invs., Inc.,
211 F.Supp.2d 808, 810 (N.D. Tex. 2002)). ................................................................ 9

Barnett v. Turner Constr. Co.,
2003 U.S. Dist. LEXIS 2198, 3, 2003 WL 329055 (S.D.N.Y. Feb. 13, 2003) ............................. 7

Caterpillar Inc. v. Lewis,
519 U.S. 61, 68, 117 S. Ct. 467, 472, 136 L. Ed. 2d 437, 446, (U.S. 1996) ................................. 4

Commissioner v. Soliman,
506 U.S. 168, 113 S. Ct. 701, 121 L. Ed. 2d 634 (1993) ........................................................ 13

Evergreen Forest Prods. Of Ga., LLC v. Bank of Am., N.A.,
262 F.Supp.2d 1297, 1307 (M.D. Ala. 2003); ................................................................ 9

Excelsior Funds, Inc. v. JP Morgan Chase Bank, N.A.,
470 F. Supp. 2d 312, 317, 2006 (S.D.N.Y. 2006) ......................................................... 7

Firstar Bank, N.A. v. Faul,
253 F.3d 982, 994 (7th Cir. 2001) ................................................... 1,2,5,7,8,9,12,15

George v. Douglas Aircraft Co.,
332 F.2d 73, 74 n 1 (2d Cir. N.Y. 1964) ................................................................ 17

Hertz Corp. v. Friend,
559 U.S. 77, 130 S. Ct. 1181, 175 L. Ed. 2d 1029, (U.S. 2010) .............................. 1,2,4,12,13,16

Horton v. Bank One, N.A.,
387 F.3d 426 (5th Cir. 2004) ................................................................ 1,2,5,7,8,9,12

J. Walter Thompson U.S.A., Inc. v. Bank of Am. Corp.,
2006 U.S. Dist. LEXIS 8030, 7-8, 2006 WL 476995 (S.D.N.Y. Mar. 1, 2006) ........................... 7

John Birch Society v. National Broadcasting Co.,
377 F.2d 194, 199 (2d Cir N.Y. 1967) ........................................................................ 17

Leather Manufacturers' Bank v. Cooper,
120 U.S. 778, 780, 7 S. Ct. 777, 30 L. Ed. 816). ....................................................... 11

Makarova v. United States,
201 F.3d 110, 113 (2d Cir. N.Y. 2000) ........................................................................ 4

Mercantile Nat. Bank at Dallas v. Langdeau,
371 U.S. 555, 565-566, 83 S. Ct. 520, 9 L. Ed. 2d 523). ......................................... 11

National Farmers Union Property & Casualty Co. v. Fisher,
284 F.2d 421, 422-423 (8 Cir. 1960) ........................................................................ 17

Nationsbank of North Carolina, N.A. v. Variable Annuity Life Insurance Co.,
513 U.S. 251, 115 S.Ct. 810, 817 (1995), ............................................................... 10

Skidmore v. Swift & Co.,
323 U.S. 134, 65 S.Ct. 161(1944) ............................................................................ 10

United States v. Dupre, 339
F.Supp.2d 534, 537 (S.D.N.Y. 2004) ......................................................................... 8

Wachovia Bank v. Schmidt,
388 F.3d 414 (4th Cir. 2004) ........................................................................... 5, 6, 11

Wachovia Bank, N.A. v. Schmidt,
546 U.S. 303, 126 S. Ct. 941, 163 L. Ed. 2d 797, (U.S. 2006) ........................ 1,2,5,6, 7, 10,11,12

Woodward v. D.H. Overmyer Co.,
428 F.2d 880, 882-83 (2d Cir. 1970) ......................................................................... 7

World Trade Center Properties, LLC v. Hartford Fire Ins. Co.,
345 F.3d 154, 161 (2d Cir. 2003) ..................................................................... 1,5,6,11

Zapata Middle E. Const. Co. Ltd. v. Emirate of Abu Dhabi,
215 F.3d 247, 253 (2d Cir. 2000) ............................................................................ 14

**Statutes**

28 U.S.C. § 1332(a) ................................................................................. 1,2,4,16,17

28 U.S.C. § 1332(c)(1)............................................................................... 2,8,12,13

28 U.S.C. § 1348................................................................................... 3,4,5,8,9,11,12

28 U.S.C. §1653......................................................................................... 1,17

Miscellaneous

Brief Amicus Curiae of United States, Wachovia (No. 04-1186) 2005
(Available on the website of the Department of Justice at
http://www.justice.gov/osg/brief/wachovia-bank-v-schmidt-amicus-merits................................10

Office of the Comptroller of the Currency, Interpretive Ltr. No. 952,
2002 WL 32072482 (Oct. 23, 2002)........................................................................9, 10

Petition for a Writ of Certiorari by Wachovia Bank,
National Association, 2005 WL 544000 (March 4, 2005)…........................................5,6

Transcript of Oral Argument, Wachovia, No. 04-1186,
2005 WL 3358081, 74 USLW 3350.......................................................................6,11,12

Application to The Board of Governors of The Federal Reserve
System Relating to the Proposed Acquisition of IMB HOLDCO LLC
by CIT GROUP INC. (Available on the website of the Federal Reserve at
http://www.federalreserve.gov/bankinforeg/20140820_Application-
Notice_Section_3_PUBLIC.pdf.............................................................................14

**Preliminary Statement**

Defendant, ROBERT W. MELINA (hereafter "Defendant" or "Melina")submits this Memorandum of Law in support of its motion pursuant to Federal Rule of Civil Procedure 12 (b) (1) ("FRCP) to dismiss this action for lack of subject matter jurisdiction. The motion should be granted because28 U.S.C. § 1332(a)requires the parties be citizens of different states. However, plaintiff OneWest, Bank, N.A. (hereafter "Plaintiff" or "OneWest") is a citizen of the State of New York, as discussedin POINT IV, Section B.,because New York is the state where it is "located" as defined by the Supreme Court in Hertz Corp. v. Friend, 559 U.S. 77, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (U.S. 2010)("where a corporation's officers direct, control, and coordinate the corporation's activities." Id at80).

The United States Supreme Court in Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 126 S. Ct. 941, 163 L. Ed. 2d 797, (U.S. 2006)resolved a disagreement betweenthe circuit courts. The Fifth and Seventh Circuits, in Horton v. Bank One, N.A., 387 F.3d 426 (5th Cir. 2004) and Firstar Bank, N.A. v. Faul, 253 F.3d 982 (7th Cir. 2001), respectively, held that for purposes of diversity jurisdiction, a national banking association is "located" in the state where it has its principal place of business and where it has its main office.Alternatively, the Second Circuitstated that national bank is a citizen not only of the State in which it maintains its main office but also of every State in which it has a branch office.WorldTrade Center Properties, LLC v. Hartford Fire Ins. Co., 345 F.3d 154, 161 (2d Cir. 2003).After careful consideration, the United States Supreme Court held that a national association is **not** a citizen of each state in which it maintained branches. Wachovia 126 S. Ct. 914, 945.

The Supreme Courtin Wachovia126 S. Ct. 941 was not presented with the issue of whether a national banking association with its "main office" and "principal place of business"

1

located in different states should be deemed a citizen of both states, but theCourt, citing Horton and Firstar in approval, held in a footnote that "[t]o achieve complete parity with state banks and other state-incorporated entities, a national banking association would have to be deemed a citizen of both the State of its main office and the State of its principal place of business."Wachovia,126 S. Ct. 951, n. 9.

In light of the Supreme Courts' decision in Wachovia,and because OneWest's principal place of business was in New York at the time the action was filed[1], the issue presented in defendant's motion to dismiss is whether plaintiff OneWestis a citizen of New York in addition to being a citizen of the state listed in its articles of association, thus divesting this Court of subject matter jurisdiction to hear the action at bar.Defendant respectfully submits that this Court follow the Fifth and Seventh Circuits, in conjunction with Wachovia126 S. Ct941 and Hertz 130 S. Ct. 1181 and hold that OneWest is a citizen of New York for diversity purposes.

## **Relevant Statutes**

28 U.S.C. § 1332 (a) provides

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between—(1)  Citizens of different States

28 U.S.C. § 1332  (c)(1) provides

---

[1]"For purposes of determining whether a Federal District Court has jurisdiction to entertain an action by virtue of diversity of citizenship of the parties, diversity of citizenship is assessed at the time that the action is filed" (Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 426, 111 S. Ct. 858, 859, 112 L. Ed. 2d 951, 953, (1991) The original complaint was filed on September 10, 2014 which was almost two month after the merger agreement was entered into.

A corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether [8] incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

28 U.S.C. § 1348 provides:

The district courts shall have original jurisdiction of any civil action commenced by the United States, or by direction of any officer thereof, against any national banking association, any civil action to wind up the affairs of any such association, and any action by a banking association established in the district for which the court is held, under chapter 2 of Title 12, to enjoin the Comptroller of the Currency, or any receiver acting under his direction, as provided by such chapter.

All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located.

28 U.S.C. § 1653 provides:

Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.

## **Statement Of Facts**

Plaintiff commenced the instant action on September 10, 2014 in the United States District Court for the Eastern District of New York. At all relevant times, defendant was a citizen of New York, as alleged in plaintiffs' pleadings (Complaint ¶ 3, Amended Complaint ¶ 3) and admitted by defendant (Answer and Counterclaims ¶ 1, Amended Answer and Counterclaims ¶ 1). Plaintiff alleges it isa National Association with its principal place of business in Pasadena, California (Complaint ¶ 2, Amended Complaint ¶ 2). Plaintiff further alleges jurisdiction based on diversity pursuant to 28 USC § 1332 (Complaint ¶ 11, Amended Complaint ¶ 13).

On July 21, 2014, CIT Group Inc. ("CIT") entered into a definitive Agreement and Plan of Merger between CIT Group Incand IMB Holdco LLC (parent company of OneWest).CIT is a

3

Delaware corporation with its principle place of business located at 11 West 42nd Street, New York. New York 10036.Article V (Covenants Relating to Conduct of Business) requires that during the period from the date of the agreement to the actual closing, OneWest seek CIT's written permission prior to undertaking a myriad of corporate decisions (discussed in POINT 4, Section B).

## ARGUMENT

## POINT I

## A NEW YORK CITIZEN CANNOT COMMENCE AN ACTION IN FEDERAL COURT BASED ON DIVERSITY OF CITIZENSHIP AGAINST ANOTHER NEW YORK CITIZEN

28 U.S.C. § 1332 section (a) provides that "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interests and costs, and is between (1) citizens of different states."In other words, the statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S. Ct. 467, 472, 136 L. Ed. 2d 437, 446, (U.S. 1996)."A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. N.Y. 2000).

The facts set forth in POINT IV Section B.show that Plaintiff's principal place of businessas defined by the Supreme Court in Hertz Corp. v. Friend, 559 U.S. 77, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (U.S. 2010), is at 11 West 42nd Street, New York. New York 10036, and it is therefore "located" in New York under 28 U.S.C. § 1348. As such, Plaintiff and Defendant are both citizens of the State of New York and thus this Court lacks subject matter jurisdiction to hear the instant action.

## POINT II

### WHETHER A NATIONAL BANK WITH A DESIGNATED MAIN OFFICE IN ONE STATE AND A PRINCIPAL PLACE OF BUSINESS IN A DIFFERENT STATE IS A CITIZEN OF BOTH WAS NOT BEFORE THE U.S. SUPREME COURT IN WACHOVIA

The relevant portion of 28 U.S.C. § 1348 provides that, "national banking associations shall be deemed citizens of the States in which they are respectively located." Four circuit courts had occasion to opine on the meaning of located prior to the Supreme Court's decision in Wachovia Bank v. Schmidt, 546 U.S. 303, 126 S. Ct. 941, 163 L.Ed.2d 797 (2006).

In World Trade Center Properties, L.L.C. v. Hartford Fire Ins. Co., 345 F.3d 154, 161 (2d Cir. 2003), although not presented with the issue directly because diversity jurisdiction existed regardless of the present analysis, the Second Circuit choose to "discuss the issue because of some unusual circumstances presented in this case"(Id. at 160)and reasoned that a national bank "by statute is deemed to be a citizen of every state in which it has offices."Id. at 161.The Fourth Circuit, in Wachovia Bank v. Schmidt, 388 F.3d 414 (4th Cir. 2004) concluded that a national bank is located in any state where it operates branch offices.The Fifth Circuit, in Horton v. Bank One, N.A., 387 F.3d 426, 431 (5th Cir. 2004), held that the "definition of "located" is limited to the national bank's principal place of business and the state listed in its organization certificate and its articles of incorporation."Id. at 436. Finally, the Seventh Circuit case of Firstar Bank, N.A. v. Faul, 253 F.3d 982, 994 (7th Cir. 2001) also held that "a national bank is "located" for purposes of 28 U.S.C. § 1348 in the state where the bank's principal place of business is found and the state listed on its organization certificate."Id. at 994.

In Wachovia 126 S. Ct. 914,the Supreme Court granted Wachovia's Petition for Writ of Certiorari to settle the circuit split as to whether "a national banking association is "located" in, and thus deemed to be a citizen of, every state in which the association maintains a branch…"

*Petition for a Writ of Certiorari by Wachovia Bank, National Association*, 2005 WL 544000 (March 4, 2005,Order granting petition dated June 13, 2005. 125 S.Ct. 2904, 162 L.Ed. 293).

Wachovia Bank was a national association with North Carolina designated as its main office in its articles of association. Its principal place of business was in North Carolina, but Wachovia operated branches in other states, including South Carolina, which was the state of the defendant'scitizenship. Raised for the first time on appeal, the Fourth Circuit held that Wachovia was "located" wherever it maintained branches. Since Wachovia was then deemed to be a citizen of South Carolina, and the defendant was a citizen of South Carolina, the court lacked diversity jurisdiction to hear the action.

On these facts, the United States Supreme Court held that a national association is **not** a citizen of each state in which it maintained branches.Wachovia 126 S. Ct. 914, 945.This decision overruled the Fourth Circuit in Wachovia388 F.3d 414, and stands in opposition to the Second Circuits' discussion in World Trade Center Properties 345 F.3d 154.

Despite the specific issueat bar (whether a national bank is a citizen of **both** the state of its principal place of business **and** the state of the main office designated in its articles of association) not being before the Supreme Court in Wachovia 126 S. Ct. 941[2], the Supreme

---

[2]CHIEF JUSTICE ROBERTS: A good bit of your argument is that your friend's interpretation on the other side would put national banks in a disfavored position.
MR. FREY: Yes.
CHIEF JUSTICE ROBERTS: Your argument would put them in a favored position compared to a typical corporation.
MR. FREY: Well, not necessarily. You could interpret located to include principal place of business. This issue doesn't arise in this case because what--what you have to decide is whether the fact that the bank has a branch in South Carolina means they're located in South Carolina. South Carolina is not Wachovia's principal place of business or--
JUSTICE KENNEDY: Well, what would--what would be your view? I know the question is not before us, but suppose we had a question like the principal place of business.

2005 WL 3358081, 74 USLW 3350, Transcript of Oral Argument at *7-*9, Wachovia, No. 04-1186.

Court choose to provide insight into the issue by stating, in a footnote, which expressly citied Horton and Firstar in approval, that

> "To achieve complete parity with state banks and other state-incorporated entities, a national banking association would have to be deemed a citizen of both the State of its main office and the State of its principal place of business. See *Horton*, 387 F.3d, at 431, and n. 26;*Firstar Bank, N.A.,* 253 F.3d, at 993-994."
>
> Wachovia Bank, N.A. v. Schmidt, 126 S. Ct. 941, 951, n.9

## POINT III

### A NATIONAL ASSOCIATION SHOULD BE DEEMED A CITIZEN OF THE STATE IN WHICH ITS PRINCIPAL PLACE OF BUSINESS IS LOCATED

A.     The Second Circuit Has Not, Post-Wachovia, Ruled On Its Jurisdictional Implications And The Decisions Of The Fifth And Seventh Circuits Should Be Followed.

Since Wachovia 126 S. Ct. 941, the Second Circuit has not ruled on the issue of whether, for purposes of jurisdiction[3], a national association is a citizen of both the state of its principal place of business and the state of its designated main office where those are in different states.

---

[3]In a case where the national associations' principal place of business was located in the same state as the state listed as its main office in its articles of association, the Honorable Check Kong Chin held that a national association is "is a citizen of the State in which its main office, as set forth in its articles of association, is located" J. Walter Thompson U.S.A., Inc. v. Bank of Am. Corp., 2006 U.S. Dist. LEXIS 8030, 7-8, 2006 WL 476995 (S.D.N.Y. Mar. 1, 2006) (Citing Wachovia, 126 S. Ct. 951).

In a separate case, the Honorable John G. Koeltl ruled that for limited purpose of removal, "a national bank is not a citizen of the state where its principal place of business is located, to the extent that state is different from the state where the national bank's main office is located" Excelsior Funds, Inc. v. JP Morgan Chase Bank, N.A., 470 F. Supp. 2d 312, 317, 2006 (S.D.N.Y. 2006). However, the Court noted removal is "not jurisdictional in the true sense." Id. at 314 (quoting Woodward v. D.H. Overmyer Co., 428 F.2d 880, 882-83 (2d Cir. 1970) and that "the issue here is a procedural rule as opposed to a jurisdictional rule and thus presents a question of a lesser order". Id. at 314.See also Barnett v. Turner Constr. Co., 2003 U.S. Dist. LEXIS 2198, 3, 2003 WL 329055 (S.D.N.Y. Feb. 13, 2003)("clause restricting removal in diversity actions to defendants who are not resident in the state where the action has been brought was not "jurisdictional in the true sense" and could be waived in the event that there was no timely request for a remand").

7

Since the Second Circuit has yet to rule on the jurisdictional implications of <u>Wachovia</u>, holdings in other circuits can be used as persuasive authority. <u>United States v. Dupre</u>,339 F.Supp.2d 534, 537 (S.D.N.Y. 2004).In addition, the decisions in <u>Horton</u>, 387 F.3d 426, and <u>Firstar</u>, 253 F.3d 982, are entitled to even greaterconsideration given their favorable citationsby the Supreme Court in <u>Wachovia</u>.

In <u>Firstar</u>, decided in 2001, the Court of Appeals for the Seventh Circuit held that "for purposes of 28 U.S.C. § 1348 a national bank is "located" in, and thus a citizen of, the state of its principal place of business and the state listed in its organization certificate <u>Firstar Bank, N.A. v. Faul</u>, 253 F.3d 982, 994 (7th Cir. Ill. 2001). The <u>Firstar</u> court reasoned that since state banks, like other corporations, are potentially citizens of two states, national banks should be similarly treated. <u>Id</u>at 993-994. The court determined that for jurisdiction purposes a national bank is a citizen of both the state designated in its organization certificate and the state of its principal place of business. <u>Id</u>.at 994

In<u>Horton</u>, decided in 2004, the Court of Appeals for the Fifth Circuit circuits analyzed the text of 28 U.S.C. § 1348, as well as its history and purpose, and stated "[w]e construe section 1348in light of Congress's intent to maintain jurisdictional parity between national banks on the one hand and state banks and corporations on the other." <u>Horton v. Bank One, N.A.</u>,387 F.3d 426, 436 (5th Cir. Tex. 2004). It was this congressional intent that led the Fifth Circuit to hold that " "located" is limited to the national bank's principal place of business and the state listed in its organization certificate and its articles of association."<u>Id</u>at436.

The Court specifically used the word 'limited' to explain that just as a state bank, pursuant to 28 U.S.C. § 1332(c)(1), can be a citizen of at most two states, "maintaining jurisdictional parity between a national and state bank requires that the national bank have

nomore than two possible states of citizenship."Id. at 431.The Court in Hortonalso added that "every district court that has since confronted [§ 1348] has agreed with Firstar." Horton 387 F.3d at 429 (citing Adams v. Bank of Am., N.A., 317 F.Supp.2d 935, 941-42 (S.D. Iowa 2004)Evergreen Forest Prods. Of Ga., LLC v. Bank of Am., N.A., 262 F.Supp.2d 1297, 1307 (M.D. Ala. 2003); and Bank One, N.A. v. Euro-Alamo Invs., Inc., 211 F.Supp.2d 808, 810 (N.D. Tex. 2002)).

Defendant respectfully asserts that this Court should follow the same rule and find that a national association is a citizen of both the state listed in its articles of organization and the state of its principle place of business.

B.     The Office Of The Comptroller Of The Currency Interprets § 1348To Mean A National Association Is A Citizen  Of The State of Its Principal Place Of Business And This Court Should Defer To The Office Of The Comptroller Of The Currency's Interpretation

The Office of the Comptroller of the Currency (hereafter "OCC"), an office of the Department of the Treasury, is the federal government agency tasked with chartering and regulating national banks.[4]After examining the purpose and history of § 1348, and in response to a written request, the OCC sent Bank of America, N.A. an Interpretive on Letter October 23, 2002.In this letter, the OCC endorsed the interpretation and reasoning in Firstar, and statedits opinion on this exact issue to be:

> "A more complete statement of the position would be that a national bank is a citizen of the state in which its principal place of business is located and of the state that was originally designated in its organization certificate and articles of association or, if applicable, the state to which that designation has been changed under other authority (i.e., the state in which its main office is currently located)."

> Office of the Comptroller of the Currency, Interpretive Letter.No. 952 (Oct. 23, 2002), p. 5-6, available at 2002 WL 32072482.

---

[4] Office of the Comptroller of the Currency http://www.occ.gov/about/what-we-do/mission/index-about.html

The OCC reiterated this same position in a footnote as *amicus curiae* in <u>Wachovia</u>126 S. Ct. 914.

The footnote states that:

> "After explaining that national banking association should be treated similarly to a state bank for citizenship purposes and that the relevant State is the one in which the association's main office is currently located, the interpretive letter states that a national bank should be considered a citizen of that State *and* the State in which the association's principal place of business is found, if different.
>
> <u>Brief Amicus Curiae of United States</u>, Wachovia (No. 04-1186) 2005,  p 26 n. 3, <u>Wachovia Bank, N.A. v. Schmidt,</u> 546 U.S. 303, 126 S. Ct. 941, 163 L. Ed. 2d 797, (U.S. 2006)

The Supreme Court, in other matters of construction involving a regulatory agency, has deferred to that agency's determination. In <u>Nationsbank of North Carolina</u>, N.A. v. Variable Annuity Life Insurance Co., 513 U.S. 251, 115 S.Ct. 810, 817 (1995), the Supreme Court concluded that annuities were not within the meaning of the applicable statute based on analysis and conclusions to that end by the OCC, stating "[w]e are satisfied that the Comptroller's construction of the Act is reasonable and therefore warrants judicial deference." Id at 254.See also<u>Skidmore v. Swift & Co</u>., 323 U.S. 134, 65 S.Ct. 161(1944)(government agency's opinions, "while not controlling upon the courts by reason of their authority, do constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance" <u>Skidmore </u>323 U.S. 134 at 140)<u>.</u>

Defendant respectfully moves this Court to defer to the OCC's position in deciding this matter. Specifically, that a national association is a citizen of both the state listed in its articles of organization and the state of its principle place of business.

C. Deeming a National Bank ACitizen Of The State Of Its Principal Place Of Business Would
Ensure Jurisdictional Parity Between State and National Banks

Until 1882, Congress afforded national banks access to federal courts in any civil action, while state bank access to the federal judiciary was limited to diversity jurisdiction or theexistence of federal question. Congress ended automatic federal jurisdiction for national banks and placed them "on the same footing as the banks of the state where they were located," Wachovia, 126 S.Ct. at 942 (quotingLeather Manufacturers' Bank v. Cooper, 120 U.S. 778, 780, 7 S. Ct. 777, 30 L. Ed. 816).The Supreme Court in Wachovia determined that intent of Congress was to create jurisdictional parity between national banks and state banks such that both would have equal access to federal court on diversity jurisdiction. In fact, the Supreme Court stated that "[l]ike its 1882 predecessor, the 1887 Act "sought to limit . . . the access of national banks to, and their suability in, the federal courts to the same extent [as] non-national banks." Wachovia,126 S. Ct. at 942-943 (quotingMercantile Nat. Bank at Dallas v. Langdeau, 371 U.S.555, 565-566, 83 S. Ct. 520, 9 L. Ed. 2d 523).

In reversing the Fourth Circuit's holding in Wachovia 388 F.3d 414, and by implication rejecting the Second Circuit's analysis in World Trade Center Properties 345 F.3d 154, the Supreme Court noted that under the Fourth Circuit's interpretation, Wachovia Bank would be a citizen of 16 states.Wachovia126 S.Ct. at 951.Such an interpretation would obviously be in contradiction of Congressional intent to maintain parity between state and national banks because state banks can be citizens of at most two states under 28 U.S.C. § 1332.

Finally, the Supreme Court's demonstrated its view that Congress intended parity between state and national banks when the Chief Justice, at oral argument,questioned whether interpreting § 1348 to limit a national bank's citizenship to only the state designated in its articles would put national banks in a "favored position" compared to state banks on the issue of

11

diversity jurisdiction. <u>Transcript of Oral Argument</u> at *9, Wachovia, No. 04-1186. While the Court did not directly decide this issue, it stated that to ensure parity, "a national banking association would have to be deemed a citizen of both the State of its main office and the State of its principal place of business." <u>Wachovia</u>126 S.Ct. at 951, n.9 (citing <u>Horton</u> and <u>Firstar</u> with approval).

Given the considerable importance the Supreme Court places on parity, and the clear Congressional intent to maintain parity between state banks and national banks, defendant respectfully moves this Court hold that, for purposes of § 1348, a national bank is a citizen of the state designated as its main office in its articles of association **and** a citizen of the state of its principal place of business.

**POINT IV**

<u>THE US SUPREME COURT DEFINED PRINCIPAL PLACE OF BUSINESS AND
ONEWESTS BANK'S PRINCIPAL PLACE OF BUSINESS IS IN NEW YORK</u>

A. The US Supreme Court Defined Principal Place Of Business To Be The Place Where A Corporations Officers, Direct, Control, And Coordinate The Corporation's Activities

In <u>Hertz Corp. v. Friend,</u> 559 U.S. 77, 130 S. Ct. 1181, 175 L. Ed. 2d 1029, (U.S. 2010), the Supreme Court once and for all defined the meaning of "principal place of business" for the purposes of diversity jurisdiction, stating "[w]e conclude that "principal place of business is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." <u>Id</u> at80. The Supreme Court went on to explain that three sets of considerations led to its conclusion.

First, "place" as used in 28 U.S.C. § 1332 (c)(1) referred to a single location, and principal refers to the "main, prominent, or leading" place." <u>Id</u> at 93.(quoting<u>Commissioner v.</u>

<u>Soliman,</u> 506 U.S. 168, 113 S. Ct. 701, 121 L. Ed. 2d 634 (1993) which held that for tax purposes the determination of principal place of business is the place that is most important, consequential, or influential.)In fact, the Supreme Court expressly rejected the notion that measuring the total amount of activities in a state can be used to determine that corporation's principal place of business because such a test could lead to nearly every corporation being deemed a citizen of California on account of that state's larger population. <u>Id</u> at 93-94.

Second, the Supreme Court considered the importance of judicial economy and administrative simplicity. The Court expressed concern that "complex tests produce appeals and reversals, encourage gamesmanship, and, again, diminish the likelihood that results and settlements will reflect a claim's legal and factual merits." <u>Hertz</u> Corp 559 US 77, 94. To wit, OneWest previously filed an action identical to the one at bar, but in the Supreme Court of the State of New York, County of Kings[5]. For whatever reason, OneWest was unsatisfied with the course of that case and elected to dismiss the New York State action in favor of the action at bar, thereby unnecessarily expending New York State judicial resources.

Third, the Supreme Court analyzed the legislative history of § 1332 (c)(1) and found that the test initiallycontemplated by the Judicial Conference in 1951 would deem a corporation a citizen of the state that accounted for more than half of its gross income.(<u>Hertz</u> Corp 559 US 77, 95).The Judicial Conference members changed their mind in light of the complexity of applying such a test. In analyzing the originally proposed language, the Supreme Court concluded that,as a matter of construction, "principal place of business should be interpreted to be no more complex than half of gross income." <u>Hertz</u> Corp 559 US 77, 95.

---

[5] ONEWEST BANK, FSB vs. Melina, Robert. Kings County Supreme Court Index No. 7440/2012. Action Discontinued on Motion of plaintiff before Justice Sherman, Part 67. Order signed 04/01/2015.

Evident from the Supreme Court opinion is that a corporation's principal place of business is the place within a state where the highest level of authority control corporate activities, and not the state where the corporation does all, most, or a substantial portion of its business.

B.  OneWest's Corporate Decision Are Made In The State of New York And Thus OneWest Is A Citizen Of New York By Virtue Of Its Principal Place Of Business

"[T]he court may resolve the disputed jurisdictional issues by referring to evidence outside of the pleadings." Zapata Middle E. Const. Co. Ltd. v. Emirate of Abu Dhabi, 215 F.3d 247, 253(2d Cir. 2000).

On July 21, 2014, CIT Group Inc. ("CIT") entered into a definitive Agreement and Plan of Merger between CIT and IMB Holdco LLC, parent company of OneWest(hereafter the "Agreement.") (Applicable excerpts annexed as **Exhibit 1**).) The Agreement was publicly released as part of the "Public Exhibits To The Application To The Board of Governors of The Federal Reserve System Relating to the Proposed Acquisition of IMB HOLDCO LLC by CIT GROUP INC."[6](Exhibit 1 Page 2) The Agreement was entered into on July 21, 2014 and refers to CIT Group, the purchasing entity, as "Carbon"and IMD HoldCo, the entity being purchased and parent company of OneWest as "Oxygen"(Exhibit 1Page 4). The Effective Time of the Agreement is the date it becomes effective and closing actually happens (Exhibit 1 Page 5-Article 1.2).

---

[6]Only applicable excerpts are annexed as Exhibit 1 in the interest of efficiency and space saving. The full 943-page public document is available as a pdf on the website of the federal reserve at http://www.federalreserve.gov/bankinforeg/20140820_Application-Notice_Section_3_PUBLIC.pdf

In Article V (Covenants Relating to Conduct of Business), § 5.2, the parties agreed that during the period from the date of the agreement (July 21, 2014) to the actual closing date, Oxygen shall not itself engage, nor allow any subsidiary (including OneWest) to engage in approximately two dozen corporate activities without written consent of Carbon (CIT Group, Inc.).As such, OneWest cannot undertake a plethora of corporate activities without first securing written permission from CIT Group, whose principal place of business is located at 11 West 42nd Street, New York. New York 10036. "A national bank denominating a state other than its principal place of business in its organization certificate apparently either never occurs or is exceedingly rare."Firstar Bank, 253 F.3d at 994 n. 6. However, in this case, by entering into the Agreement and its applicable provisions, Plaintiff principal place of business has been moved to 11 West 42nd Street, New York. New York 10036.

For the sake of brevity, only a few of the corporate activities prohibited in the Agreement follow here; Subsection (o) prohibits OneWest Bank, as a subsidiary, from making an application for the opening, relocation or closing of any branch office, loan production office or other significant office or operations facility. Subsection (m) prohibits OneWest, as a subsidiary from making any material changes to its policies and with respect to underwriting, pricing, originating, acquiring, selling, servicing, or buying or selling rights to service, Loans or its hedging practices and policies. Subsection (p) prohibits OneWest, as a subsidiary from making any capital expenditure in excess of $2,500,000individually or $10,000,000in the aggregate. Subsection (s) prohibits OneWest, as subsidiary, from adopting a plan of complete or partial liquidation, dissolution, restructuring, recapitalization or other reorganization.(Exhibit 1 Pages 6-10, Article 5.2 (a)-(u)).

15

In addition to the activities listed above, the remaining seventeen (17) corporate activities that OneWest, as a subsidiary, is prohibit from taking without first obtaining permission from CIT Group in New York are the kind typically directed, controlled, and coordinated by the highest level of authority in a corporation.For example, and as stated in the paragraph immediately preceding this one,if OneWest wanted to open a new branch in California, it would be required to seek written permission from a CIT's board located at 11 West 42nd Street, New York. New York 10036. That board could then decide to provide its consent or withhold its consent, which makes illogical any argument that OneWest is being controlled from, and corporate decision being made in California. For the foregoing reasons, 11 West 42nd Street, New York New York 10036 is the location where the "most important, consequential, and influential" (Hertz Corp. 559 U.S. 77 at 93) decisions regarding control and direction of OneWest are made.

For the foregoing reasons, OneWestdoes not have its principal place of business in Pasadena, California, as it alleges in its pleadings (Complaint ¶ 2, Amended Complaint ¶ 2), but instead its principal place of business is located at 11 West 42nd Street, New York. New York 10036, and it is thus a citizen of New York for purposes of subject matter jurisdiction.

## POINT V

PLAINTIFF'S STATEMENT OF JURISDICTION IS DEFICIENT

In addition to a factual deficiency, Plaintiff's pleadings contain a facial defect. Federal Rule of Procedure ("FRCP") 8 (a) (1) requires that a plaintiff's claim for relief contain "a short and plain statement of the courts' jurisdiction." Plaintiff alleges subject matter jurisdiction exists pursuant to 28 USC §1332 because "complete diversity exists among the defendants" (Complaint

16

¶ 11, Amended Complaint ¶ 13). However, diversity among defendants is irrelevant, as 28 USC 1332 requires diversity *between* all plaintiffs and defendants, and not *among* defendants.

Defective allegations of jurisdiction may be cured by an amendment pursuant to 28 U.S.C. 1653, but only "ifthe record as a whole establishes the existence of the required diversity of citizenship between the parties"Baer v. United Services Auto. Asso., 503 F.2d 393, 397, 1974 U.S. App. LEXIS 7906, 12-13 (2d Cir. N.Y. 1974) (citing John Birch Society v. National Broadcasting Co., 377 F.2d 194, 199 (2d Cir N.Y. 1967),George v. Douglas Aircraft Co., 332 F.2d 73, 74 n 1 (2d Cir. N.Y. 1964), and National Farmers Union Property & Casualty Co. v. Fisher, 284 F.2d 421, 422-423 (8 Cir. 1960)). As discussed in POINT IV, Section B., OneWest's principal place of business is located at 11 West 42nd Street, New York. New York 10036, and thus it is a citizen of New York, which means no amendment could save plaintiffs pleading.

## **CONCLUSION**

For all the foregoing reasons, the Court should grant the defendants' motion and dismiss this action for lack of subject matter jurisdiction.

Dated: New York, New York

May 8, 2015

Respectfully submitted,

LAW OFFICE OF MICHAEL BRUK

/s/ Michael Bruk,

Michael Bruk (MB 4367)

138 W. 25th St.10th Fl., Suite C1001

17

New York, N.Y. 10001

Phone: (212) 203-9303

Fax:     (347) 710-1791

Email: mb@bruklaw.com

MICHAEL BRUK, ESQ.


Attorney for Defendant,

ROBERT W. MELINA