**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

ONEWEST BANK, N.A.,               (

                             (

            Plaintiff,        (      Civil Action No. <u>14-cv-5290</u>

v.                         (

                             (      (Gleeson, J.)  (Pohorelsky, M.J.)

                             (

ROBERT W. MELINA; AMERICAN   (

EXPRESS CENTURION BANK;      (

AMERICAN EXPRESS BANK, FSB;   (

CITIBANK, N.A.; WILLIAM R. SANTO; (

MAGALY BERMUDEZ; LOUIS       (

BERMUDEZ; CARMEN MEDINA     (

                             (

                             (

             Defendants.    (

-------------------------------------------------------------x

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF"S**
<u>**MOTION FOR SUMMARY JUDGMENT**</u>

                              LAW OFFICE OF MICHAEL BRUK
                                Michael Bruk (MB 4367)

                              138 W. 25th St.10th Fl., Suite C1001
                              New York, N.Y. 10001
                              Phone: (212) 203-9303
                              Fax:    (347) 710-1791
                              Email: <u>mb@bruklaw.com</u>
                              MICHAEL BRUK, ESQ.

                              *Attorney for Defendant,*
                              ROBERT W. MELINA

PRELIMINARY STATEMENT ................................................................................ 1

FACTUAL AND PROCEDURAL BACKGROUND.............................................. 1

ARGUMENT ........................................................................................................... 2

POINT I .................................................................................................................. 2

SUMMARY JUDGMENT STANDARD ........................................................ 2

POINT II ................................................................................................................ 4

PLAINTIFF HAS FAILED TO MAKE A *PRIMA FACIE* SHOWING OF STANDING......... 4

A. Standing To Bring A Foreclosure Action In New York Requires
Plaintiff Prove Physically Delivery Of A Note Or Written
Assignment Of A Note Prior to Commencing A Foreclosure Action ............................ 4

B. Plaintiff Has Failed To Demonstrate Physical
Delivery Of The Note Prior To Commencement Of The Instant Action. ....................... 6

C. The Note In Plaintiff's Possession Lacks The
Necessary Indorsement To Prove Assignment .................................................. 9

POINT III ............................................................................................................... 10

THE COURT LACKS SUBJECT MATTER JURISDICTION
TO HEAR THE ACTION AT BAR ............................................................... 10

POINT IV ............................................................................................................... 11

PLAINTIFF'S HAS UNCLEAN HANDS ..................................................... 11

POINT V ................................................................................................................ 12

PLAINTIFF'S ACTION IS BARRED BY
THE EQUITABLE DOCTRINE OF LACHES ............................................. 12

POINT VI............................................................................................................... 13

PLAINTIFF'S ACTION IS BARRED AS AGAINST PUBLIC POLICY ............................ 13

POINT VII ............................................................................................................. 14

COUNTERCLAIM OF ATTORNEYS' FEES AND/OR COSTS ......................... 14

CONCLUSION...................................................................................................... 15

## Cases

Anderson v. Liberty Lobby, Inc.,
477 U.S. 242, 248, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986)). .................................................. 3,4

Aurora Loan Servs., LLC v Weisblum,
85 A.D.3d 95, 108, 923 N.Y.S.2d 609, 618 (2d Dep't 2011) ...................................................... 5,7

Bank of N.Y. Mellon v. Deane
41 Misc. 3d 494, 498-499, 970 N.Y.S.2d 427, 431, 2013 N.Y. Misc. LEXIS 2847, *7-8, 2013
    NY Slip Op 23224, 4 (N.Y. Sup. Ct. 2013) ............................................................................. 6

Bank of N.Y. v Silverberg,
86 A.D.3d 274, 279, 926 N.Y.S.2d 532, 537 (2d Dep't 2011) ...................................................... 4

Berkshire Bank v. Tedeschi,
2013 U.S. Dist. LEXIS 43214, *43, 2013 WL 1291851 (N.D.N.Y Mar. 27, 2013). ................... 14

Celotex Corp. v. Catrett,
477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) ........................................................ 3

Cifarelli v. Vill. of Babylon,
 93 F.3d 47, 51 (2d Cir. 1996) .......................................................................................................... 3

Citibank, N.A. v. Am. Banana Co.,
50 A.D.3d 593, 856 N.Y.S.2d 600 (1st Dep't 2008) ................................................................... 11

Citimortgage, Inc. v Stosel,
 89 A.D.3d 887, 934 N.Y.S.2d 182 (2d Dep't 2011) .................................................................... 6,7

Crown Day Care LLC v. Dep't of Health and Mental Hygiene of City of New York,
746 F.3d 538, 544 (2d Cir. 2014) ..................................................................................................... 3

Deutsche Bank Nat. Trust Co. v Haller,
 100 A.D.3d 680, 682, 954 N.Y.S.2d 551, 553 (2d Dep't 2012) ..................................................... 5

Deutsche Bank Natl. Trust Co. v Rivas,
 95 A.D.3d 1061, 1061-1062, 945 N.Y.S.2d 328, 329 (2d Dep't 2012) ........................................ 4,5

Eastern Savs. Bank, FSB v. Evancie,
No. 13-cv-00878 (ADS) (WDW), 2014 U.S. Dist. LEXIS 54317,   2014 WL 1515643, at
   *4(E.D.N.Y. Apr. 18, 2014 ................................................................................................. 4,5

City of Sherrill v. Oneida Indian Nation,
544 U.S. 197, 202, 125 S. Ct. 1478, 1482, 161 L. Ed. 2d 386, 386 (U.S. 2005) .................... 12,13

Homecomings Fin. v. Guldi,
 108 A.D.3d 506, N.Y.S.2d 470 (2d Dep't 2013) ....................................................... 6,7

HSBC Bank USA v Hernandez,
 92 A.D.3d 843, 844, 939 N.Y.S.2d 120, 121 (2d Dep't 2012) ................................................. 5,7

Major League Baseball Props., Inc. v. Salvino,Inc.,
542 F.3d 290, 309 (2d Cir. 2008) ......................................................................................... 3

Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.,
673 F.3d 84, 94 (2d Cir. 2012) ............................................................................................. 3

Ramos v. Baldor Specialty Foods, Inc.,
687 F.3d 554, 558 (2d Cir. 2012) ......................................................................................... 3

U.S. Bank N.A. v Bresler,
39 Misc. 3d 1205(A), 1205A, 971 N.Y.S.2d 75, 75, 2013 N.Y.
   Misc. LEXIS 1288, *14, 2013 NY Slip Op 50498(U), 6,
   2013 WL 1339550 (N.Y. Sup. Ct. 2013) ............................................................................. 8

U.S. Bank, N.A. v Collymore,
68 A.D.3d 752, 754, 890 N.Y.S. 2d 578, 580). (2d Dep't 2009 ...................................... 5

U.S. Bank, Natl. Assn. v Sharif,
89 A.D.3d 723, 933 N.Y.S.2d 293 (2d Dep't 2011) ................................................. 6,7

Viola v. Philips Med. Sys. of N. Am.,
42 F.3d 712, 716 (2d Cir. 1994) .......................................................................................... 3

Zalaski v. City of Bridgeport Police Dep't,
613 F.3d 336, 340 (2d Cir. 2010) ......................................................................................... 3

**Statutes**

N.Y. Real Prop. Law § 282......................................................................................................... 14

N.Y. U.C.C. § 1-201 ............................................................................................................... 4,5

N.Y. U.C.C. § 3-202 ........................................................................................................... 5,6,9,10

**Misc.**

<u>In the Matter of ONEWEST BANK, FSB,</u>
OTS Docket No. 18129, United States of America Before the
   Office Of Thrift Supervision, Order No.: WN-11-011 (Effective April 13, 2011) ....... 11,12, 13

Loan Sale Agreement By and Between The Federal Deposit Insurance
Corporation, as Receiver for IndyMac Federal Bank, FSB
and OneWest Bank, FSB. Dated March19, 2009. .......................................................... 2,7,8,9,10

Defendant ROBERT W. MELINA ("Defendant" or Melina") submits this memorandum of law in opposition to Plaintiff OneWest Bank, N.A.'s, formerly OnewestBank , FSB, ("Plaintiff" or "OneWest") motion, pursuant to Federal Rule of Civil Procedure 56, for summary judgment in its favor.

## PRELIMINARY STATEMENT

In February 2007, Melina obtained a mortgage loan in the amount of $591,000 from Wall Street Mortgage Bankers LTD, A New York Corporation ("Wall Street"), for purchase of real property located at located at 1245 77th Street, Brooklyn, New York 11228. OneWest filed this action for foreclosure in September 2014 to recover over $583,452.48 in unpaid principal, plus interest and fees, it alleges are due to it on the mortgage loan.

As discussed in detail below, Plaintiff has not provided any factual details tending to show the note and mortgage was transferred to it by either a written assignment of physical delivery of prior to the commencement of the instant action. As such, Plaintiff has failed to establish standing to bring this action, and its motion for summary judgment should be denied. In addition, Plaintiffs failure to remedy its past bad acts is unconscionable and should be a bar to any recovery, including a grant of its motion for summary judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 26, 2007, Melina obtained a mortgage loan (the "Mortgage Loan") from Wall Street Mortgage LTD, a New York corporation in the amount of $591,000.Melina signed a note (the "Note") and a mortgage (the "Mortgage," together with the Note, the "Mortgage Loan"), securing the loan with the Property. The Note was transferred from Wall Street to

1

IndyMac Bank, F.S.B ("IndyMac").On March 19, 2009, OneWest entered into a Loan Sale Agreement(the "LSA") to purchase substantially all of the assets of IndyMac, with the Federal Deposit Insurance Corporation ("FDIC") as receiver.Plaintiff commenced this action by the filing of a Summons, Complaint, and Notice of Pendency on September 19, 2014,later amended by an amended complaint ("Amended Complaint") filed October 13, 2014. (Docket No. 11). At all relevant times, defendant was a citizen of New York, as alleged in Plaintiff's pleadings (Amended Complaint ¶ 3) and admitted by Defendant in its Answer to the Complaint filed on February 3, 2015, and later amended by the Amended Answer and Counterclaim ¶ 1 ("Amended Answer") filed on April 2, 2015.

Plaintiff alleges it is a National Association with its principal place of business in Pasadena, California (Amended Complaint ¶ 2, Affidavit of Jon Dickerson ¶ 2[1] ("Dickerson Aff."). Plaintiff further alleges jurisdiction based on diversity pursuant to 28 USC § 1332 (Amended Complaint ¶ 13). Finally, Plaintiff alleges standingto bring this action by virtue of physically possession of the note or, in the alternative, by written assignment (Dickerson Aff ¶ 9-11). On April 13, 2015, Plaintiff filed its answer to Defendant's counterclaim. (Docket No. 39.) Plaintiff filed its motion for summary judgment on May 8, 2015 (Docket #???).

## ARGUMENT

## POINT I

## SUMMARY JUDGMENT STANDARD

---

[1]Affidavit of John Dickerson. Submitted by Plaintiff on May 8, 2015 (Docket #48)

Summary judgments may be granted "if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a)."A fact is material if it might affect the outcome of the suit under the governing law, and an issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Ramos v. Baldor Specialty Foods, Inc., 687 F.3d 554, 558 (2d Cir. 2012) (citing Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist., 673 F.3d 84, 94 (2d Cir. 2012)). "On a motion for summary judgment, a fact is material if it might affect the outcome of the suit under the governing law." Crown Day Care LLC v. Dep't of Health and Mental Hygiene of City of New York, 746 F.3d 538, 544 (2d Cir. 2014) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986)).

The Second Circuit has held that summary judgment is appropriate where admissible evidence is offered to show both the absence of a genuine issue of material fact, and that the moving party is entitlement to judgment as a matter of law. Major League Baseball Props., Inc. v. Salvino,Inc., 542 F.3d 290, 309 (2d Cir. 2008); see also Viola v. Philips Med. Sys. of N. Am., 42 F.3d 712, 716 (2d Cir. 1994). As to burden, "the moving party bears the burden of establishing the absence of any genuine issue of material fact." Zalaski v. City of Bridgeport Police Dep't, 613 F.3d 336, 340 (2d Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). If a movant meets its initial burden, the burden then shifts to the non-movant, who must "set forth specific facts indicating a genuine issue for trial exists." Cifarelli v. Vill.of Babylon, 93 F.3d 47, 51 (2d Cir. 1996). As to judgment as a matter of law, "the court must resolve all ambiguities and draw all justifiable factual inferences in favor of the party against whom summary judgment is sought."Major League Baseball Props.,

Inc. v. Salvino, Inc., 542 F.3d 290, 309 (2d Cir. N.Y. 2008) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

Plaintiff argues, in Point II of its memorandum in support, that it has established a *prima facie* entitlement to a judgment of foreclosure under New York law by claiming summary judgment was granted in Eastern Savs. Bank, FSB v. Evancie, No. 13-cv-00878 (ADS) (WDW), 2014 U.S. Dist. LEXIS 54317, 2014 WL 1515643, at *4(E.D.N.Y. Apr. 18, 2014), after the plaintiff in that case presented a note, a mortgage, and proof of default. To the extent Plaintiff relies on Evancie, its reliance is misplaced as plaintiff in that case obtained a default judgment, not summary judgment.

## POINT II

## PLAINTIFF HAS FAILED TO MAKE A *PRIMA FACIE* SHOWING OF STANDING

A. Standing To Bring A Foreclosure Action In New York Requires Plaintiff Prove Physically Delivery Of A Note Or Written Assignment Of A Note Prior to Commencing A Foreclosure Action

Defendant's Second Affirmative defense it that Plaintiff lacks standing to bring this action (Answer ¶ 5). A plaintiff establishes standing in a mortgage foreclosure action by demonstrating that it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced. Deutsche Bank Natl. Trust Co. v Rivas, 95 A.D.3d 1061, 1061-1062, 945 N.Y.S.2d 328, 329 (2d Dep't 2012); see also Bank of N.Y. v Silverberg, 86 A.D.3d 274, 279, 926 N.Y.S.2d 532, 537 (2d Dep't 2011). However, where standing is put into issue by the defendant, "the plaintiff must prove its standing in order

to be entitled to relief." <u>Deutsche Bank Nat. Trust Co. v Haller</u>, 100 A.D.3d 680, 682, 954 N.Y.S.2d 551, 553 (2d Dep't 2012); see also <u>U.S. Bank, N.A. v Collymore,</u> 68 A.D.3d 752, 753, 890 N.Y.S.2d 578, 580 (2d Dept 2009).

A plaintiff has but two ways to prove that it the holder or assignee of the subject mortgage, as well as the underlying note; "either by physical delivery or execution of a written assignment prior to the commencement of the action." <u>Deutsche Bank Nat'l Trust Co. v Rivas</u>, 95 A.D.3d 1061, 1061-1062 (2d Dep't 2012); see also <u>Aurora Loan Servs., LLC v Weisblum</u>, 85 A.D.3d 95, 108, 923 N.Y.S.2d 609, 618 (2d Dep't 2011)); <u>HSBC Bank USA v Hernandez</u>, 92 A.D.3d 843, 844, 939 N.Y.S.2d 120, 121 (2d Dep't 2012). (<u>U.S. Bank, N.A. v Collymore</u>, 68 A.D.3d 752, 754, 890 N.Y.S. 2d 578, 580).(2d Dep't 2009).

Mere physical possession of a note is insufficient to confer holder status. In its memorandum of law, Plaintiff relies on N.Y. U.C.C. § 1-201(20) to state that party becomes the holder of a negotiable instrument by mere possession of said instrument. However, Plaintiff's reliance is misguided, as N.Y. U.C.C. § 3-202(1) provides that "[n]egotiation is the transfer of an instrument in such form that the transferee becomes a holder. If the instrument is payable to order it is negotiated by delivery with any necessary indorsement; if payable tobearer it is negotiated by delivery." Thus, no matter what form of note is negotiated, a party in possession of that note is only a holder when it can show physically delivery.

This exact argument was advanced by plaintiff  Bank of N.Y. Mellon, with Hogan Lovells as counsel, and dismissed in the Supreme Court of New York, Kings County, where The Honorable Jack M. Battaglia, denying Plaintiffs motion for summary judgment, stated"[i]ndeed, the cursory treatment of the standing question in the memorandum of law evidences a

5

misunderstanding of the general law of negotiable instruments in its equation of the status as "holder" to mere possession of the instrument."Bank of N.Y. Mellon v. Deane, 41 Misc. 3d 494, 498-499, 970 N.Y.S.2d 427, 431, 2013 N.Y. Misc. LEXIS 2847, *7-8, 2013 NY Slip Op 23224, 4 (N.Y. Sup. Ct. 2013). This Court should afford Plaintiff no greater a sword than did the Kings County Supreme Court in Deane, and for the reasons set forth in parts B and C *infra*,deny Plaintiff's motion for summary judgment.

B. Plaintiff Has Failed To Demonstrate Physical DeliveryOf The Note Prior To Commencement Of The Instant Action.

Plaintiff's memorandum of law in support of its motion repeatedly alleges that is in physical possession of the Note, as does Dickerson Aff (¶ 6-9). It can only be presumed, then, that Plaintiff contends the Note is payable to bearer. However, Plaintiff has provided no factual details as to the actual physical delivery of the Note, as required by N.Y. U.C.C. § 3-202(1).In addition, The Appellate Division of the Second Department of the Supreme Court of New York has repeatedly denied summary judgment where the moving party failed to provide the exact date the note was transferred, or any details at all regarding the delivery of the note prior to commencement of a foreclosure action. Citimortgage, Inc. v Stosel, 89 A.D.3d 887, 934 N.Y.S.2d 182 (2d Dep't 2011) (reversing a grant of summary judgment since plaintiff "failed to establish how or when it became the lawful holder of the note either by delivery or valid assignment." Id. at 888); U.S. Bank, Natl. Assn. v Sharif, 89 A.D.3d 723, 933 N.Y.S.2d 293 (2d Dep't 2011) (reversing a grant of summary judgment because "the plaintiff submitted no evidence to establish physical delivery of the note" id. at 725); Homecomings Fin. v. Guldi, 108 A.D.3d 506, N.Y.S.2d 470 (2d Dep't 2013)  (reversing summary judgment because the affidavit

"did not give factual details as to the physical delivery of the note and, thus, was insufficient to establish that the plaintiff had physical possession of the note at any time" Id at 509). HSBC Bank USA v. Hernandez, 92 A.D.3d 843, 939 N.Y.S.2d 120 (2d Dep't 2012) (upholding denial of summary judgment because plaintiff's affidavit "did not give any factual details of a physical delivery of the note" Id. at 844); Aurora Loan Servs., LLC v Weisblum, 85 A.D.3d 95, 923 N.Y.S.2d 609 (2d Dep't 2011)(reversing summary judgment on other grounds, but discussing standing "in light of the possibility that the action may be recommenced after [plaintiff] effects proper service." (Id. at 108) and holding the plaintiff failed to establish standing because the affidavit "failed to give any factual detail of a physical delivery of both the consolidated note and the CEMA to [plaintiff] prior to the commencement of the action." Id. at 109)).

Just as in Stosel, Sharif, Guldi, Hernandez, and Weisblum , Plaintiff in the instant action has failed to offer any evidence of when, or even that, physical deliver actually occurred. Plaintiff asserts, at paragraph 8 that on March, 19, 2009, the FDIC as Receiver of IndyMac Federal entered into a Loan Sale Agreement (the "LSA")[2] with OneWest, and that OneWest "acquired certain mortgage loans, including Defendant's Mortgage Loan." (Dickerson Aff ¶ 8)Plaintiff would like this Court to conclude that the date of the LSA, March 19, 2009, is the date of transfer. However, Section 2.05 of the LSA shows that delivery of the note is merely anticipated. Specifically, §2.05 reads:

Closing. The closing of the sale provided for in the Agreement, herein

referred to as the **"Closing,"** shall take place pursuant to the procedures

---

[2] Loan Sale Agreement By and Between The Federal Deposit Insurance Corporation, as Receiver for IndyMac Federal Bank, FSB and OneWest Bank, FSB. Dated March19, 2009.

Available on the website of the Federal Deposit Insurance Company at
https://www.fdic.gov/about/freedom/IndyMacLoanSaleAgrmt.pdf

and subject to the conditions set forth in this Agreement and the Master

Purchase Agreement

The word "shall" clearly shows that the delivery of notes subject to the LSA has yet to occur. In addition to the express language in the LSA, pooling and servicing agreements do not effectuate delivery of loan documents. "The statutes and cases require both a proper indorsement and physical delivery of the Note. Execution of the PSA does not satisfy either requirement. It merely demonstrates intent to indorse and physically deliver the notes and mortgages referred to."U.S. Bank N.A. v Bresler, 39 Misc. 3d 1205(A), 1205A, 971 N.Y.S.2d 75, 75, 2013 N.Y. Misc. LEXIS 1288, *14, 2013 NY Slip Op 50498(U), 6, 2013 WL 1339550 (N.Y. Sup. Ct. 2013)[3]

Thus, contrary to Plaintiff's argument in its memorandum of law, the affidavit of John Dickerson does not establish when,or even that, the note was actually physically delivered to Plaintiff prior to commencement of the instant action.

Moreover, Plaintiff alleges that, acting in its capacity as Plaintiff's document custodian, Deutsche Bank "had physical possession of the original indorsed Note and Mortgage from 2009 until April 21, 2011…."(Dickerson Aff ¶ 11).Not only is this statement inadmissible hearsay, but it is also a veiled attempt to manufacture an otherwise flawed chain of custody of the Note since Plaintiff has not submitted any evidence showing how, when, or even that, the Note was physically delivered to Deutsche Bank. In addition, since Mr. Dickerson is not an employee of Deutsche Bank, it follows that he necessarily lacks personal knowledge of if or when physical delivery of the Note to Deutsche Bank actually took place. Plaintiff has failed to submit any

---

[3] A copy of this unpublished decision is attached hereto in the addendum.

affidavits sworn to by any persons with actual knowledge of whether the Note was actually physical delivery, nor has anyone, including Deutsche Bank, affirmatively alleged *when*, or even that,the Note was actually received.

Thus, Defendant has raised questions of material fact as to when and whether delivery of the Note was actually made to Plaintiff prior to commencement of this action.

C.  The Note In Plaintiff's Possession Lacks The Necessary Indorsement To Prove Assignment

Plaintiff alleges, as a separate basis for standing, in its memorandum of law, and in the Affidavit of John Dickerson, that it is the assignee of the Note and owner of the Mortgage by virtue of the express terms of the Loan Sale Agreement ("LSA"). (Dickerson Aff. ¶¶ 7-9).This, of course, would mean that the Note is payable to order, which is contrary to Plaintiff's earlier contention that it is payable to bearer. N.Y. U.C.C. § 3-202(1) states, in relevant part, that "[i]f the instrument is payable to order it is negotiated by delivery with any necessary indorsement; if payable tobearer it is negotiated by delivery. To wit; the express terms of the LSA require all notes transferred under the LSA bear a specific form of endorsement, which Plaintiff's Note in this action lacks. Section 3.04 of the LSA reads:

> (b) The parties hereby agree that all Notes evidencing Loans shall be endorsed without recourse, and without representation or warranty by the Seller, express or implied, except (as to the Purchaser) as forth in this Agreement. The form of any endorsement of Notes or allonge to the Notes is as follows:
>
>> Pay to the order of
>> OneWest Bank, FSB
>> Without Recourse

Federal Deposit Insurance Corporation as Receiver
forInyMac Federal Bank, FSB.
By:_____
    Name:_____
    Title: Attorney-in-Fact

The Note furnished by Plaintiff in the action at bar lacks this required endorsement. The reason why the FDIC refused to endorse this particular Note with the required endorsement is unclear, but raises a genuine issue of material fact as to whether Plaintiff was in fact assigned this particular Note pursuant to the LSA.

Regardless of whether the Note is payable to order or to bearer, N.Y. U.C.C. § 3-202(1) requires physical delivery. Since Plaintiff has not submitted any admissible evidence showing physical delivery prior to commencement of this action, and because the Note Plaintiff relies upon does not bear the endorsement required under the LSA, Plaintiff has failed to make a *prima facie* showing of standing and is not entitled to summary judgment of foreclosure.

## POINT III

## THE COURT LACKS SUBJECT MATTER JURISDICTION TO HEAR THE ACTION AT BAR

Defendant's Third Affirmative Defense is that this Court lacks subject matter jurisdiction to hear this action. (Amended Answer ¶ 6).Asargued at length in Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12 (b) (1), filed with this Court via the Electronic Case Filing system on May 8, 2015(Docket No. 50), Plaintiff's principal place of business should be New York, New York. As such, Plaintiff and Defendant would both be citizens of New York and diversity of citizenship would be lacking.

10

## POINT IV

## PLAINTIFF'S HAS UNCLEAN HANDS

Defendant's Fourth Affirmative Defense is that Plaintiffs action is barred by the doctrine of unclean hands. (Amended Answer ¶ 7)."To charge a party with unclean hands, it must be shown that said party was Plaintiff in the instant action is 'guilty of immoral or unconscionable conduct directly related to the subject matter'"Citibank, N.A. v. Am. Banana Co., 50 A.D.3d 593, 856 N.Y.S.2d 600 (1st Dep't 2008).

On April 13, 2011, as part of an interagency review of residential mortgage servicers, the Office of Thrift Supervision ("OTS") released a Consent Order[4]("Consent Order") identifying deficiencies and unsafe or unsound practices in OneWest initiating and handling of foreclosure proceedings. OneWest, without admitting or denying any wrongdoing (Consent Order ¶ 3), stipulated to the release of the Consent Order and agreed to comply with the terms of said order. The OTS noted six (6) specific unsafe or unsound practices of OneWest Bank, FSB. Of particular relevance to the instant action was that OneWest:

> (c) litigated foreclosure and bankruptcy proceedings and initiated non-judicial foreclosure proceedings without always ensuring that the promissory note and mortgage document were properly endorsed or assigned and, if necessary, in the possession of the appropriate party at the appropriate time. (Consent Order ¶ 2)

As part of the Consent Order, a Compliance Program was established and agreed to by OneWest.As part of the Compliance Program, the association was to, at a minimum, create:

---

[4]In the Matter of ONEWEST BANK, FSB, OTS Docket No. 18129, United States of America Before the Office Of Thrift Supervision, Order No.: WN-11-011 (Effective April 13, 2011)
Available from the website of the Office of the Comptroller of the Currency at
http://www.occ.gov/static/ots/misc-docs/consent-orders-97665.pdf

(e)  processes to ensure that the Association has properly documented ownership of the promissory note and mortgage (or deed of trust) under applicable state law, or is otherwise a proper party to the action (as a result of agency or other similar status) at all stages of foreclosure and bankruptcy litigation, including appropriate transfer and delivery of endorsed notes and assigned mortgages or deeds of trust at the formation of a residential mortgage-backed security, and lawful and verifiable endorsement and successive assignment of the note and mortgage or deed of trust to reflect all changes of ownership. (Consent Order ¶ 11)

Despite promising to implement a program to **"**reflect **all** changes of ownership", Plaintiff in the action at bar has furnished a note, as discussed in POINT II, part C, above, that lacks the endorsement required pursuant to the Loan Sale Agreement. An agreement that Plaintiff itself relies on in asserting that it is the holder of the Note and Mortgage. (Dickerson Aff ¶ 6-9). Because Plaintiff Plaintiffs unconscionable conduct, which directly relates to the subject matter of this action, should be a bar to its recovery[5].

## POINT V

## PLAINTIFF'S ACTION IS BARRED BY THE EQUITABLE DOCTRINE OF LACHES

Defendant's Firth Affirmative Defense is that Plaintiffs action is barred by the doctrine of laches. (Amended Answer ¶ 8).Laches is not a mere matter of time, but principally a question of the inequity of permitting the claim to be enforcedCity of Sherrill v. Oneida Indian Nation, 544 U.S. 197, 202, 125 S. Ct. 1478, 1482, 161 L. Ed. 2d 386, 386 (U.S. 2005).Laches and other equitable considerations are properly applied to remedies, not to the underlying claim itself. "The distinction between a claim or substantive right and a remedy is fundamental." (internalquotation

---

[5]Defendant is aware of  ¶ 12 of the Consent Order, which states "Nothing in this Stipulation or the Order, express or implied, shall give to any person or entity, other than the parties hereto, and their successors hereunder, any benefit or any legal or equitable right, remedy or claim under this Stipulation or the Order." Defendant does not request relief *under* the Order, but instead uses to Order to establish that Plaintiff's bad acts in the instant action are nothing new.

omitted). Id. at 213.This Court should focus, like the Supreme Court did in Sherrill, on the appropriateness of the relief, and not on the nature of the underlying claim, in determining whether and what relief is available.

Plaintiff has furnished a note which that it cannot prove was physical delivered. As such, it would be an inequity for this Court to permit Plaintiff's claim to be enforced.

## POINT VI

## PLAINTIFF'S ACTION IS BARRED AS AGAINST PUBLIC POLICY

Defendant's Sixth Affirmative Defense is that Plaintiffs action is barred as against public policy. (Amended Answer ¶ 9). Plaintiff's action is barred as against public policy because Plaintiff has furnished a Note that is not in compliance with the Loan Sale Agreement between the United States Government and OneWest Bank and because of Plaintiff's blatant and continued disregarded for the Consent Order issued by the United States Office of Thrift Supervision ("OTS"). An Order in which Plaintiff assured the United States Government, as well its citizenry, that it would institute processes to ensure that accurate documentation ofthe ownership of promissory notes, as well as appropriate transfer and delivery of endorsed notes, and lawful and verifiable endorsement and successive assignments to reflect all changes of ownership. (Consent Order ¶ 11)

Requiring banking associations to comply with contracts entered into with the United States Government, especially in light of the significant decline in consumer confidence following the latest mortgage crisis, is a compelling social policy consideration. Allowing plaintiff in this action to benefit, despite its blatant disregard for the Loan Sale Agreement

13

between it and the Federal Deposit Insurance Corporation, as receiver for IndyMac Bank, would only serve to further erode public confidence in our government and elected officials, as well as a judiciary that would allow Plaintiff to benefit from its bad behavior.

## POINT VII

### COUNTERCLAIM OF ATTORNEYS' FEES AND/OR COSTS

Defendant's sole counterclaim is an award of attorneys' fees and/or expenses pursuant to New York's Real Property Law, Section 282 (Amended Answer ¶ 10), which provides, in pertinent part, that where a covenant contained in a mortgage on residential property allows the mortgagee to recover attorneys' and/or expenses if the mortgagor fails to perform, an implied covenant exists that allows the mortgagor to recover reasonable attorney's fees and or/expenses in the successfuldefense of any action or proceeding commenced by the mortgagee against the mortgagor arising out of the contract so long as the mortgagor seeks said fees and/or expenses "by way of counterclaim." N.Y. Real Prop.Law § 282(1). "Although Defendant is a prevailing mortgagor and therefore entitled to fees and costs under § 282, she has not made her request in a counterclaim as required by that section. The Court therefore denies Defendant's request for fees and costs in this action. Berkshire Bank v. Tedeschi, 2013 U.S. Dist. LEXIS 43214, *43, 2013 WL 1291851 (N.D.N.Y Mar. 27, 2013).

As discussed above, Plaintiff is not entitled to summary judgment in its favor, and is thus not entitled to strike Defendant's sole counterclaim.

14

**CONCLUSION**

For all the foregoing reasons, this Court should deny Plaintiff's motion for summary judgment.

Dated: New York, New York

      May 22, 2015

                                 Respectfully submitted,

                                 LAW OFFICE OF MICHAEL BRUK

                                 /s/ Michael Bruk,

                                 Michael Bruk (MB 4367)

                                 138 W. 25th St.10th Fl., Suite C1001

                                 New York, N.Y. 10001

                                 Phone: (212) 203-9303

                                 Fax:    (347) 710-1791

                                 Email: mb@bruklaw.com

                                 MICHAEL BRUK, ESQ.

                                 Attorney for Defendant,

                                 ROBERT W. MELINA

ADDENDUM