---

ONEWEST BANK, N.A.,

         Plaintiff,

   - versus -

ROBERT W. MELINA; AMERICAN
EXPRESS CENTURION BANK;
AMERICAN EXPRESS BANK, FSB;
CITIBANK, N.A.; WILLIAM R. SANTO;
MAGALY BERMUDEZ; LOUIS
BERMUDEZ; CARMEN MEDINA;

         Defendants.

MEMORANDUM
AND ORDER
14-CV-5290 (JG)(VVP)

---

A P P E A R A N C E S:

  HOGAN LOVELLS US LLP
    875 Third Avenue
    New York, NY 10022
  By: Jonathan E. Samon
    *Attorneys for Plaintiff*

  LAW OFFICE OF MICHAEL BRUK
    138 West 25th Street, 10th Fl., Suite C1001
    New York, NY 10001
  By: Michael Bruk
    *Attorney for Defendant Robert W. Melina*

JOHN GLEESON, United States District Judge:

    On September 10, 2014, plaintiff OneWest Bank, N.A. (the "Bank" or "OneWest") filed this foreclosure action alleging, among other things, that defendant Robert Melina defaulted on a mortgage taken out with the Bank for a property located at 1245 77th Street, Brooklyn, New York 11228. The Bank filed this summary judgment motion on May 8, 2015, and Melina cross-moved to dismiss for lack of jurisdiction. I heard oral argument on June

18, 2015. For the reasons stated below, the Bank's motion for summary judgment is granted and Melina's cross-motion to dismiss is denied.

BACKGROUND

Unless otherwise noted, the facts set forth here are either undisputed, or, if disputed, are viewed in the light most favorable to Melina, against whom summary judgment is sought. *See Abramson v. Pataki*, 278 F.3d 93, 101 (2d Cir. 2002).

On February 26, 2007, Melina obtained a loan from Wall Street Mortgage Bankers LTD. He executed a note (the "Note") evidencing a loan in the amount of $591,000 and a mortgage (the "Mortgage," and together with the Note, the "Mortgage Loan") that secured the loan with property located at 1245 77th Street, Brooklyn, New York, 11228 (the "Property"). Pl. Rule 56.1 Stmt. ¶ 3; Dickerson Aff. ¶ 4, Exs. A-B. The Note was later endorsed to IndyMac Bank, F.S.B. ("IndyMac"), which later became IndyMac Federal Bank, FSB. OneWest became the owner and servicer of the Mortgage Loan on March 19, 2009. Pl. Rule 56.1 Stmt. ¶¶ 4-6; Dickerson Aff. ¶¶ 5-6, Exs. C-D.

Melina defaulted on the Mortgage Loan when he failed to make payments starting on August 1, 2009. Pl. Rule 56.1 Stmt. ¶ 7; Dickerson Aff. ¶ 12. OneWest mailed Melina a notice of default on February 26, 2014. Pl. Rule 56.1 Stmt. ¶ 8; Dickerson Aff. ¶ 12, Ex. F. On February 27, 2014, OneWest mailed Melina a 90-day notice as described in New York Real Property Actions and Proceedings Law ("RPAPL") § 1304. Pl. Rule 56.1 Stmt. ¶ 9; Dickerson Aff. ¶ 13, Ex. G. The 90-day notice was duly filed with the New York State Department of Financial Services. Pl. Rule 56.1 Stmt. ¶ 10; Dickerson Aff. ¶ 14, Ex. H.

The Mortgage Loan remains in default, and as of the date of the complaint, an unpaid principal balance of $583,452.48 remains due to the Bank. Pl. Rule 56.1 Stmt. ¶¶ 12-13;

Dickerson Aff. ¶¶ 15-17. Because the other defendants have failed to appear,[1] certificates of default have been issued as to each of them. *See* ECF No. 40, Apr. 14, 2015.

DISCUSSION

A. *Melina's Motion to Dismiss*

First, I will address Melina's cross-motion to dismiss based on lack of jurisdiction. Melina argues that OneWest's principal place of business is in New York, and because Melina is also a citizen of New York, there is no diversity jurisdiction. For the reasons explained below, the motion to dismiss is denied.

1. *The Standard of Review*

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In addition, "[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (internal quotation marks omitted). In deciding a Rule 12(b)(1) motion, a district court may consider evidence outside of the pleadings. *Id.*

2. *Diversity Jurisdiction*

Melina argues that OneWest's principal place of business is in New York. Melina Br., ECF No. 52, May 8, 2015, at 4. OneWest's complaint alleges that it is a National Association with its principal place of business in California, and Melina is a citizen of New York. Compl., ECF No. 1, Sept. 10, 2014, ¶¶ 2-3. OneWest alleges that subject matter jurisdiction exists because there is complete diversity between the parties and the amount in

---

[1] Certificates of default were entered by the Clerk for defendants American Express Bank, FSB, American Express Centurion Bank, Louis Bermudez, Magaly Bermudez, Citibank, N.A., Carmen Medina, and William R. Santo.

controversy exceeds $75,000. Compl. ¶ 11 (citing 28 U.S.C. § 1332). In this motion, OneWest asserts that its main office and principal place of business is in California based on an affidavit submitted by Jon Dickerson, the First Vice President of its foreclosure department, and an application to the Federal Reserve System. Samon Decl., ECF No. 55, May 22, 2015, Ex. 1 ¶¶ 1-2, Ex. 3 at 9.

In *Wachovia Bank v. Schmidt*, the Supreme Court held that a national bank is "located" in the state designated in its articles of association as its main office. 546 U.S. 303, 318-19 (2006). *See also Excelsior Funds, Inc. v. JP Morgan Chase Bank, N.A.*, 470 F. Supp. 2d 312, 313 (S.D.N.Y. 2006) ("[A] national bank is a citizen only of the state in which its main office is located, and not the state in which its principal place of business is located, if that state differs from the location of its main office."). For purposes of this motion to dismiss, OneWest has established that it is a citizen of California.

Melina next argues that because of the proposed acquisition of OneWest by CIT Group, Inc. ("CIT"), CIT's principal place of business should be used for purposes of diversity jurisdiction instead of OneWest's. *See* Melina Br. at 14-16. As proof, Melina excerpts portions of an Application to the Board of Governors of the Federal Reserve System that documents the proposed acquisition of IMB Holdco LLC ("IMB") by CIT.[2] *See* Melina Br. at Ex. 1. Melina argues that because CIT's principal place of business is in New York, and IMB is the parent company of OneWest, OneWest's citizenship is New York. *See* Melina Br. at 14-15. OneWest argues that the acquisition of IMB was not completed at the time the action was brought in September 2014, and it was also not complete at the time of its motion. It also argues that the

---

[2] OneWest notified the parties through its Disclosure Statement that it is owned by OneWest Bank Group LLC, which is in turn owned by IMB. Pl. Opp. Br., ECF No. 54, May 22, 2015, at 4, n.1; *see also* Rule 7.1 Corp. Disclosure Stmt., ECF No. 2, Sept. 10, 2014.

citizenship of any actual or proposed parent company is irrelevant for purposes of diversity jurisdiction. Pl. Opp. Br. at 4-5.

I agree that the citizenship of any actual or proposed parent of OneWest does not control OneWest's citizenship for purposes of diversity jurisdiction. *See Frisone v. Pepsico, Inc.*, 369 F. Supp. 2d 464, 472 (S.D.N.Y. 2005) ("As a general rule, a separately incorporated entity is . . . considered to have its own principal place of business.") (internal quotation marks omitted); *see also* Charles Alan Wright et al., 13F *Federal Practice & Procedure* § 3625 (3d ed.) ("The general rule applied by the federal courts in numerous cases in this situation is that a subsidiary corporation has its own principal place of business for purposes of diversity of citizenship jurisdiction, unless it is merely an 'alter ego' or agent of the parent corporation.").

For these reasons, Melina has failed to establish that the case should be dismissed for lack of jurisdiction, and his motion to dismiss is denied.

B.  *Plaintiff's Motion for Summary Judgment*

1.  *The Standard of Review*

A court may grant summary judgment if the moving party shows that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Mitchell v. Shane*, 350 F.3d 39, 47 (2d Cir. 2003). "In deciding whether there is a genuine issue of material fact as to an element essential to a party's case, the court must examine the evidence in the light most favorable to the party opposing the motion, and resolve ambiguities and draw reasonable inferences against the moving party." *Abramson*, 278 F.3d at 101 (internal quotation marks omitted).

On the other hand, in order "[t]o survive summary judgment . . . the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Reiseck v. Universal Commc'ns of Miami*, No. 06-CV-777 (TPG), 2012 WL 3642375, at *2 (S.D.N.Y. Aug. 23, 2012) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n. 11 (1986)). "Conclusory allegations, conjecture, and speculation . . . are insufficient to create a genuine issue of fact." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998).

2. *The Bank's Prima Facie Case for Foreclosure*

"Under New York law, summary judgment on a mortgage foreclosure action is appropriate where the Note and Mortgage are produced to the Court along with proof that the Mortgagor has failed to make payments due under the Note." *Regency Sav. Bank, F.S.B. v. Merritt Park Lands Assoc.*, 139 F. Supp. 2d 462, 465 (S.D.N.Y. 2001). "Once the plaintiff has established its prima facie case by presenting the Note, Mortgage and proof of default, the Mortgagee has a presumptive right to foreclose which can only be overcome by an affirmative showing by the Mortgagor." *Id.* at 465-66.

OneWest has established its prima facie case for foreclosure. First, it produced the Note and Mortgage. *See* Dickerson Aff. ¶ 4, Exs. A-B. Next, it submitted unrefuted evidence of Melina's failure to make payments under the Mortgage. *See id*. ¶¶ 12-16, Exs. A-B, F-H. As Melina has not disputed facts that question the existence of any of these elements, I will turn to consider Melina's affirmative defenses.

3. *Melina's Affirmative Defenses*

For Melina to make an "affirmative showing" that a defense to the action exists, the evidence must be submitted in an admissible form "sufficient to require a trial (of that defense) . . . . mere conclusions, expressions of hope, unsubstantiated allegations or assertions

6

are insufficient." *Resolution Trust Corp. v. J.I. Sopher & Co., Inc.*, No. 94-CV-7189 (DC), 1995 WL 489697, at *2 (S.D.N.Y. Aug. 15, 1995) (internal quotation marks omitted). With that standard in mind, I will consider the defenses that Melina asserts.

a. *Lack of Proper Standing*

Melina argues that the Bank lacks proper standing to bring this action on two grounds: (1) the Bank is not a "holder"[3] of the Note because it failed to establish that the Note was physically delivered to the Bank; and (2) the Note lacks the endorsement necessary to prove it was assigned to the Bank. *See* Melina Br., ECF No. 56, May 22, 2015, at 4-10. Under New York law, a plaintiff establishes standing in a mortgage foreclosure action by demonstrating that it is "both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action was commenced." *Deutsche Bank Natl. Trust Co. v. Whalen*, 969 N.Y.S.2d 82, 83-84 (2d Dep't 2013) (internal quotation marks omitted); *see also Deutsche Bank Natl. Trust Co. v. Rivas*, 945 N.Y.S.2d 328, 329 (2d Dep't 2012) ("When a plaintiff's standing to commence a foreclosure action is placed in issue by the defendant, it is incumbent upon the plaintiff to establish its standing to be entitled to relief.") (internal citations omitted).

The Bank has met its burden of establishing that it has standing to bring this action. Physical delivery of the note is necessary to be a holder. *U.S. Bank Nat'l Ass'n v. Cange*, 947 N.Y.S.2d 522, 524 (2d Dep't 2012) ("Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation.") (internal quotation marks omitted); *see also Lasalle Bank*

---

[3] A "holder" is "the person in possession of a negotiable tangible document of title if the goods are deliverable either to bearer or to the order of the person in possession." N.Y. U.C.C. § 1-201(b)(21)(B). A "bearer" is a person in possession of a "negotiable instrument, negotiable tangible document of title, or certificated security that is payable to bearer or indorsed in blank." *Id.* at § 1-201(b)(5).

7

*Nat'l Ass'n v. Ahearn*, 875 N.Y.S.2d 595, 597 (3d Dep't 2009) ("An assignment of a mortgage does not have to be in writing and can be effective through physical delivery of the mortgage.") (internal citation omitted).

Melina argues that the Bank has not shown factual details of delivery as required by New York law. However, OneWest has submitted affidavits from a corporate officer and one of its attorneys that show it was in physical possession of the Note before commencing this action. *See* Dickerson Aff. ¶¶ 5, 11, Ex. A; Young Decl. ¶¶ 3-6, Exs. A-B. This is enough under New York law to show delivery of a note. *See Kondaur Capital Corp. v. McCary*, 981 N.Y.S.2d 547, 548 (2d Dep't 2014) ("The plaintiff also established that it had standing as the holder of the note and mortgage by submitting the written mortgage assignments and the affidavit of the plaintiff's president, which established that it had physical possession of the note prior to commencement of this action.") (citations omitted). As a matter of law, the Mortgage was also transferred to the Bank at the time the Note was transferred. *See Mortgage Elec. Registration Sys., Inc. v. Coakley*, 838 N.Y.S.2d 622, 623 (2d Dep't 2007) (The mortgage "passe[s] as an incident to the promissory note.") (citations omitted).

Not only has the Bank shown physical delivery sufficient to make it a holder, it has also established it is an assignee of the Note and Mortgage. OneWest argues it is the assignee of the Mortgage and Note because of the execution of a Loan Sale Agreement ("LSA") between OneWest and IndyMac,[4] pursuant to which OneWest acquired certain loans from IndyMac, including the Mortgage Loan at issue. *See* Pl. Reply Br. at 5-6; Dickerson Aff. ¶¶ 5-8, Ex. D. The LSA is sufficient under New York law to assign the Note to OneWest. *See Rajamin v. Deutsche Bank Nat'l Trust Co*., 757 F.3d 79, 91-92 (2d Cir. 2014) (clear language of sale

---

[4] The FDIC acted as receiver for IndyMac at the time the LSA was executed. Pl. Rule 56.1 Stmt. ¶ 5.

agreement sufficient to assign mortgage and note). Again, the Mortgage followed the Note by operation of law. *See Coakley*, 838 N.Y.S.2d at 623.

Melina next argues that the Note lacks the required endorsements to prove it was properly assigned to OneWest because of a requirement in the LSA that all notes should be endorsed in a certain form that includes that they are payable "to the order of OneWest Bank, FSB. . . ." *See* Dickerson Aff., Ex. D. at § 3.04(b). Melina points out that the Mortgage Loan is endorsed in blank and does not follow the specified form in the LSA. *See* Dickerson Aff., Ex. A. at 3. However, the form of the endorsement is unrelated to OneWest's status as assignee of the Mortgage Loan. *See Rajamin*, 757 F.3d at 91-92. Moreover, the plain language that evidences the intent of the seller is all that is necessary for the LSA to have operated as an effective assignment to OneWest. *See Suraleb, Inc. v. Int'l Trade Club, Inc.*, 788 N.Y.S.2d 403, 404 (2d Dep't 2004). Therefore, as the holder and assignee of the physically delivered Note, OneWest has standing to bring this suit.

b. *Lack of Subject Matter Jurisdiction*

Melina contends that this court lacks subject matter jurisdiction to hear this action for the reasons stated in his cross-motion to dismiss. For the reasons discussed above, that defense also fails.

c. *Unclean Hands and Public Policy*

Melina further argues that the Bank's action is barred by the equitable doctrine of unclean hands. However, this defense fails as a matter of law. *See United States v. Bedford Assocs.*, 491 F. Supp. 851, 868 (S.D.N.Y. 1980) (under New York law, doctrine of unclean hands was not available as a defense in a foreclosure action), *aff'd in part, rev'd in part on other grounds by*, 657 F.2d 1300 (2d Cir. 1981). Even if the defense were available, Melina's

9

argument depends on his assertion that OneWest did not follow the proper form of endorsement as required by the LSA, which, as discussed above, does not negate OneWest's status as a proper holder of the Mortgage Loan. Melina's further affirmative defense that the action is barred as against public policy also depends on the argument that OneWest did not follow the proper endorsement procedure in the LSA, and is rejected for the same reason.

    d.  *Laches*

Melina alleges that OneWest's action is barred by the equitable doctrine of laches. Laches, however, is not a defense to a foreclosure action brought within the statute of limitations. *See N.Y. State Mortg. Loan Enforcement & Admin. Corp. v. N. Town Phase II Houses*, *Inc.*, 594 N.Y.S.2d 183, 184 (1st Dep't 1993); *First Fed. Savs. & Loan Ass'n of Rochester v. Capalongo*, 544 N.Y.S.2d 44, 45 (3d Dep't 1989). Because there is no argument that OneWest did not commence the foreclosure action within the applicable six-year statute of limitations, this defense also fails. *See* N.Y. C.P.L.R. § 213(4).

    e.  *The Additional Defenses*

Melina's additional affirmative defenses are denied on the ground that he failed to present sufficient evidence "to require a trial (of that defense)." *Resolution Trust Corp.*, 1995 WL 489697, at *2. OneWest has established a prima facie case of foreclosure, to which Melina has failed to establish any viable affirmative defenses. Therefore, OneWest has established that it is entitled to summary judgment on the foreclosure claim.

C.  *Melina's Counterclaim for Attorney's Fees*

Melina has asserted a counterclaim for attorney's fees and expenses pursuant to New York Real Property Law § 282(1), which provides for attorney's fees "in the successful defense of any action or proceeding commenced by the mortgagee against the mortgagor . . . ."

Because OneWest's motion for summary judgment is granted, Melina has not successfully defended this action. Accordingly, his counterclaim for attorney's fees is dismissed.

CONCLUSION

For the reasons stated above, OneWest's motion for summary judgment is granted and Melina's cross-motion to dismiss is denied. Melina's counterclaim for attorney's fees is also dismissed.

So ordered.

John Gleeson, U.S.D.J.

Dated: August 31, 2015
        Brooklyn, New York